IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**KYLE ROHRIG,**

    **Plaintiff,**

    v.

    Civil Action 2:23-cv-587
    Judge Edmund A. Sargus, Jr.
    Magistrate Judge Chelsey M. Vascura

**DHL INTERNATIONAL GMBH,** *et al*.

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Kyle Rohrig, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis.* (ECF No. 1.)  The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis.*  All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e)(2).

### I.

Plaintiff's Complaint lacks clarity. As best as the undersigned can discern, Plaintiff attended a training at Defendant DHL's warehouse in May 2021, when a DHL trainer informed

Plaintiff and others what Defendant Amazon's warehouse was offering employees for pay and benefits after "going across the street to Amazon . . . while on [DHL] company time . . . ." (Pl.'s Compl. 2, ECF No. 1-1 at PAGEID # 5.) In Count One, Plaintiff maintains that this DHL employee's actions were fraudulent and constituted corporate fraud. He asks the Court to file criminal charges against the DHL employee. In Count Two, Plaintiff alleges that Defendant DHL sending its employee to competitor Defendant Amazon was criminal and constituted a breach of its duty to Plaintiff. Plaintiff again requests that the Court file criminal charges against Defendant DHL. In Count Three, Plaintiff alleges that both Defendants DHL and Amazon were negligent in not having better security to prevent such foreseeable criminal actions. Plaintiff again requests criminal charges be filed against Defendants. In Count Four, Plaintiff again complains that Defendants' security measures are inadequate and points out that Defendants have metal detectors to stop theft by employees, rationalizing that Defendants must therefore have sufficient resources to prevent employees from one company inquiring into the other company's pay and benefits. Plaintiff against asks the Court to file criminal charges against Defendants. Plaintiff concludes his Complaint with a request for monetary damages and yet another request that the Court file criminal charge Defendants.

## II.

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. In this case, however, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the state-law claims he advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the

complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

### III.

Plaintiff's allegations fail to provide a basis for a claim over which this Court has jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws or the United States Constitution. *Id*. (citation omitted). For a federal court to have diversity jurisdiction pursuant to § 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Federal Rule of Civil Procedure 8(a)(1) requires a pleading to contain "a short plain statement of the grounds for jurisdiction." Fed. R. Civ. P. 8(a)(2). Thus, "a plaintiff seeking diversity jurisdiction [must] set forth the factual basis on which that jurisdiction is predicated." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[I]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Although this pleading standard does not require "detailed factual

allegations," a complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In the instant case, it appears that Plaintiff seeks to advance state-law fraud and/or negligence claims, which do not satisfy § 1331 because such claims do not involve alleged violations of federal statutes or alleged deprivations of constitutional rights. This leaves diversity jurisdiction under § 1332(a) as the only potential basis for this Court's jurisdiction. Plaintiff's allegations, however, are insufficient to support diversity jurisdiction because Plaintiff has not plausibly alleged that the amount in controversy exceeds $75,000.

The undersigned further notes that this Court does not have the authority grant the injunctive relief he requests, namely, that the Court file criminal charges against Defendants. This Court cannot launch criminal investigations or file criminal charges. *See Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("In our system . . . the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in [the prosecutor's] discretion."); *see also Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

In summary, because Plaintiff has failed to plausibly allege facts upon which this Court could rely to conclude that the requisite amount in controversy is satisfied, and because this Court lacks the authority to grant the injunctive relief he requests, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to assert any claim over which this Court has subject-matter jurisdiction**.**

## IV.

The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. (ECF No. 1.) In addition, for the reasons set forth herein, the undersigned **RECOMMENDS** that the Court **DISMISS** this action pursuant to § 1915(e) for failure to state a claim on which relief may be granted.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE